FILED

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MAR 17 2011

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID ORTEGA,

    Plaintiff–Appellant–Cross-Appellee,

v.

TOYOTA MOTOR SALES, U.S.A., INC.,

    Defendant–Appellee–Cross-Appellant.

Nos. 09-56640, 09-56692

D.C. No. 3:08-CV-00724-DMS

MEMORANDUM[*]

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Argued and Submitted February 9, 2011
Pasadena, California

Before: PREGERSON and WARDLAW, Circuit Judges, and ZOUHARY, District
Judge.[**]

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Jack Zouhary, District Judge for the U.S. District Court
for the Northern District of Ohio, Toledo, sitting by designation.

Experiencing problems nine months after he purchased a certified used car, plaintiff-appellant David Ortega ("Ortega") brought this warranty action against Toyota Motor Sales, U.S.A., Inc. ("Toyota"). A jury returned a verdict in Ortega's favor on his breach of implied warranty of merchantability claim. Following trial, Toyota filed a motion for judgment as a matter of law pursuant to Federal Civil Rule 50(b), which the district court granted. We affirm.

**Preemption**

Ortega first argues the district court erred because the statute relied upon in granting Toyota's Rule 50(b) motion, Cal. Civ. Code § 1795.5, is preempted by federal law. California Civil Code § 1795.5 provides that all implied warranties shall be coextensive in duration with an express warranty provided by the seller, "but in no event shall such implied warranties have a duration of less than 30 days nor more than three months following the sale of used consumer goods to a retail buyer." Cal. Civ. Code § 1795.5(c). Ortega argues this statute is preempted by 15 U.S.C. § 2308(b), which provides that "implied warranties may be limited in duration to the duration of a written warranty of reasonable duration, if such limitation is conscionable and is set forth in clear and unmistakable language and prominently displayed on the face of the warranty."

Ortega contends the plain language of Section 2308(b) requires all implied warranties be coextensive in duration with any express warranty provided by a seller. He reasons that because the express warranty provided to him was for three years, and Section 1795.5(c) limits all implied warranties for used goods to three months, Section 1795.5(c) is contrary to, and thus preempted by, Section 2308. *See Young v. Coloma-Agaran*, 340 F.3d 1053, 1055–56 (9th Cir. 2003) (stating conflict preemption occurs "where it is impossible . . . to comply with both state and federal requirements, or where state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress") (internal quotation marks and citation omitted).

Ortega incorrectly reads this section to *require* an extension of the implied warranty to be coextensive in duration with any express warranty; however, correctly read, it *permits* a party to limit the duration of an implied warranty under certain circumstances. *See Atkinson v. Elk Corp. of Tex.*, 142 Cal. App. 4th 212, 228 (Cal. Ct. App. 2006). A common sense reading of Section 2308 reveals there is no conflict between Section 1795.5(c) and 2308(b). A supplier can limit the duration of an implied warranty as prescribed by Section 2308(b), ensuring that the limitation is no shorter than thirty days and no longer than three months pursuant to Section 1795.5(c).

**Sufficient Evidence of Breach**

Ortega next argues that even if the duration of the implied warranty of merchantability is three months, he presented sufficient evidence demonstrating Toyota breached the implied warranty during that time period. He contends the jury was permitted to infer the defect was present at the time of purchase but remained latent until nine months later, because Ortega did not work on the vehicle himself prior to the start of his car troubles.

In support, Ortega relies upon *Mexia v. Rinker Boat Co., Inc*., 174 Cal. App. 4th 1297 (Cal. Ct. App. 2009), which held that Cal. Civ. Code § 1791.1(c) -- dealing with the duration of implied warranties for new goods -- "merely creates a limited, prospective duration for the implied warranty of merchantability; it does not create a deadline for discovering latent defects or for giving notice to the seller." *Id*. at 1301.

*Mexia,* however, was decided at the pleading stage where the court was required to assume the factual allegations in the complaint as true.  The court simply held that the buyer had stated a claim upon which relief could be granted, not that he had presented sufficient trial evidence entitling him to an award of damages.  Further, the court suggested that to ultimately prevail, Mexia still needed to demonstrate a defect existed at the time of sale.  *Id*. at 1308 ("Although the evidence produced at later stages of the case could show that the corrosion was due to improper maintenance, it

4

is also possible that Mexia can present evidence that the corrosion was due to a defect that existed *at the time of sale* but remained latent and undiscoverable for two years." (emphasis added)).

Here, Ortega had the burden to provide some evidence a breach of the implied warranty occurred during the first three months following purchase. None is found. Ortega's expert could not identify the cause of the vehicle's defects, and was not asked if the defects were present at the time of sale. Ortega's testimony confirmed that no problems surfaced until nine months after the purchase. Simply put, Ortega failed to meet his burden that a defect was present at the time of sale or arose during the three-month warranty period.

We therefore **AFFIRM** the district court, and dismiss Toyota's conditional cross-appeal as moot.